5143.  ROZAR *et al. v.* ROSENHEIM SHOE COMPANY.

RUSSELL, C. J.  1. Under the former decision in this case (*Rosenheim Shoe Co.* v. *Horne,* 10 *Ga. App.* 582, 73 S. E. 953), one creditor might proceed against the incorporators to compel them to make good the capital stock; and the mere fact that at the time the creditor contracted he knew that the minimum capital stock had not been paid in would not operate. as an estoppel.  However, under the decision in *Hill* v. *Jackson Stores,* 137 *Ga.* 174 (73 S. E. 13), since there are other creditors, an equitable proceeding would be necessary to impound the fund for equitable distribution.

2. By amendment the present suit has been changed from a suit under section 2220 of the Civil Code to a suit against the incorporators as copartners.  This suit can not be maintained by a creditor who contracted with the corporation as such.  In such a case both the plaintiff and the defendant are estopped to deny the existence of the corporation.  Knowledge by the creditor that the corporation was not legally organized would not estop him from proceeding under section 2220 of the code, but would estop him from proceeding against the subscribers as partners.  1 Cook on Corp. § 233; Civil Code, § 2226.  Under section 2220, a subscriber may be liable to make good the minimum capital stock, but a subscriber probably would not be liable as a partner unless he participated in the conduct of the business.  It follows that in the pending action a verdict in favor of the plaintiff was not authorized, and a new trial should have been granted.                    *Judgment reversed.*
            DECIDED NOVEMBER 25, 1913.

Complaint; from city court of Eastman—Judge Neese.  July 4, 1913.

*W. L. & Warren Grice, W. M. Clements, Wooten & Griffin,* for plaintiffs in error.

*Hardeman, Jones, Park & Johnston, Mallary & Wimberly,* contra.